Argued and submitted February 1,
affirmed as modified and remanded March 3,
appellant's motion to recall mandate and
to clarify opinion allowed, affirmed as modified and
remanded (47 Or App 1155, 615 P2d 1177) August 25, 1980

In the Matter of the Marriage of
DeVILLE,
*Respondent,*
*and*
DeVILLE,
*Appellant.*

(No. D 12 174, CA 15669)

607 P2d 228

John H. Heald, Portland, argued the cause for appellant. With him on the brief was Fellows, McCarthy, Zikes & Kayser, P.C., Portland.

George E. Birnie, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

This is a suit for the annulment of a marriage. The husband, through his guardian/conservator, has appealed from that portion of the decree which awarded the wife substantially all of the marital assets. We modify the decree and remand to the trial court.

The parties were married in April 1973. When the petition for annulment was filed in February 1978, the husband was 73 and the wife 63 years of age. The husband brought into the marriage a $26,000 equity in a home. The wife contributed $8,800 cash savings, a 1966 Chevy II, and a "whole household of furniture."

The husband is a certified public accountant. It appears that during the marriage the husband worked very little but did receive $44,000 from the sale of his CPA practice. The wife did work and received a total income of $26,000 during the term of the marriage.[1]

At the time of the trial the parties owned a $28,000 equity in a different house, an unimproved lot in Deschutes County which had been purchased for $3,800, a VW camper valued at $2,000, bank accounts in the amount of $8,000, the 1966 Chevy II and the furniture. We do not know the husband's exact physical or mental status, but he was a resident at the Tigard Care Center at a cost of $720 per month. His sole income is Social Security in the amount of $480 per month. The record is silent as to the wife's health and employment.

At the conclusion of the testimony the trial judge ruled from the bench:

"THE COURT: Well, if this were, of course, an annulment or a dissolution of the usual kind the Court would look differently upon it than it does in this particular case and in order to bring this to a conclusion the Court is going to accept the contentions made by the petitioner. She was defrauded and

---

[1] This amount may include the balance from the sale of a house in California.

[55]

as such she was required to work and provide for herself and her husband, and that he failed to advise her of his mental disability at the time of the marriage, and that accordingly the home should be awarded to her and the Deschutes property should be awarded to her and the two motor vehicles, and I believe that that takes care of all the issues in the case.

"MR. FELLOWS: You are denying support?

"THE COURT: Yes.

"MR. FELLOWS: And no division on cash, Your Honor?

"THE COURT: No division on cash."[2]

The husband contends that the trial court erred (1) "in considering fault in the determination of the real and personal property division" and (2) "in awarding all of the * * * property to wife."

Under ORS 107.015(2), a marriage may be annulled:

"When the consent of either party was obtained by force or fraud."

ORS 107.036 in part provides:

"(1) The doctrines of fault and of in pari delicto are abolished in suits *for the annulment* or dissolution of a marriage or for separation." (emphasis added)

* * * * *

"(3) In dividing, awarding and distributing the real and personal property (or both) of the parties (or either of them) between the parties, or in making

---

[2] The decree provided as follows:

"* * * that the consent of petitioner to the contract of marriage with respondent was obtained by fraud practiced by respondent upon petitioner and that respondent induced petitioner to marry him by falsely representing to her that he was a man of wealth, that he would provide for her support and that she would not be required to hold any employment and that petitioner gave her consent to the marriage contract with respondent believing such false representations were true; that the consent of petitioner to the contract of marriage was also obtained by respondent's failure to disclose to petitioner that in truth and in fact he had suffered from and had been treated for a mental disease prior to his marriage to petitioner."

such property or any of it subject to a trust, and in fixing the amount and duration of the contribution one party is to make to the support of the other, the court shall not consider the fault, if any, of either of the parties in causing grounds *for the annulment* or dissolution of the marriage or for separation." (emphasis added)

The legislature has spoken. In dividing, awarding or distributing the property of the parties, the court cannot consider the evidence of "fault" used to establish fraud for the annulment of the marriage.

Under the particular facts of this case we award the residence to the parties as tenants in common with the provision that it be sold under the supervision of and within a time set by the trial court and the net proceeds divided equally. The husband is awarded as his sole property the unimproved lot in Deschutes County and $4,000 from the bank accounts. The wife is awarded the balance of the bank accounts, the two vehicles and the furniture as her sole property.

Affirmed as modified and remanded. No costs to either party.